IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CORDELL WILLIAMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-10-0963 |
| | § | |
| THE STATE OF TEXAS, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this *pro se* civil rights lawsuit are the motions to dismiss filed by defendants Harris County District Attorney Patricia Lykos (Docket Entry No. 33), the State of Texas (Docket Entry No. 32), and Houston Metro Police Department Chief of Police Tom Lambert and/or the Houston Metro Police Department (Docket Entry No. 6). Plaintiff did not file a response to any of these motions.

Based on consideration of the motions, the record, and the applicable law, the Court **GRANTS** the motions and **DISMISSES** plaintiff's claims against the defendants, as follows.

## I. BACKGROUND AND CLAIMS

Plaintiff complains that, on March 22, 2008, he was standing on the Metro Rail Museum District Station platform, placing cell phone calls but not yet having purchased a train ticket. He was approached by a Metro Police Department police officer, who initially cited plaintiff for fare evasion but then discovered there were outstanding arrest warrants against him. Plaintiff alleges that the officer used excessive force in arresting him. Exactly

two years later, on March 22, 2010, plaintiff filed the instant *pro se* lawsuit, asserting

violations of his civil rights and malicious prosecution. He seeks monetary damages.

## II. ANALYSIS

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes a defendant to move to

dismiss for a plaintiff's "failure to state a claim upon which relief may be granted." FED. R.

CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, a plaintiff's

complaint is to be construed in a light most favorable to the plaintiff, and the allegations

contained therein are to be taken as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189,

194 (5th Cir.1996). Dismissal is appropriate only if the factual allegations are insufficient to

raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct.

1937, 1949 (2009).

A. <u>Defendant Harris County District Attorney Patricia Lykos</u>

Defendant Lykos moves for dismissal under Rule 12(b)(6) and argues that plaintiff

alleges no facts raising a claim against her, either in her individual or official capacity.

(Docket Entry No. 33.)  A review of plaintiff's complaint reveals that he referenced

defendant Lykos only once, in her alleged capacity as a representative for the Metro Police

Department for purposes of receiving notice of this lawsuit.  The Harris County District

Attorney is not a proper agent for service or notice as to plaintiff's claims against either the State of Texas or the Houston Metro Police Department, and plaintiff alleges no facts giving rise to a cognizable claim against Lykos.

Plaintiff has not contested defendant's motion. The motion to dismiss (Docket Entry No. 33) is **GRANTED**, and Harris County District Attorney Patricia Lykos is **DISMISSED** as a defendant in this lawsuit.

B.    Defendant State of Texas

Plaintiff asserts claims against the State of Texas under section 1983, the Federal Tort Claims Act, the Texas Deceptive Trade Practices Act, the Texas Damages Act, and Texas Civil Practice and Remedies Code section 41.003. Defendant State of Texas moves for dismissal under Rules 12(b)(1), 12(b)(5), and 12(b)(6), asserting as grounds immunity under the Eleventh Amendment and insufficient process. (Docket Entry No. 32.) Plaintiff has not contested defendant's motion.

Plaintiff alleges no facts establishing that the State of Texas is either factually or legally liable for any acts or omissions of the Houston Metro Police Department made the basis of this lawsuit. Regardless, the Eleventh Amendment to the United States Constitution acts as a jurisdictional bar to suits brought in federal court against a state by any party other than the federal government or another state. A litigant may proceed with his claims against the State of Texas only if the state has waived its sovereign immunity or otherwise consented to the lawsuit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).

3

Plaintiff fails to assert any claims for which the State of Texas has waived its sovereign immunity or otherwise consented to be sued, and his claims against the State of Texas are barred by the Eleventh Amendment.  Defendant's motion to dismiss (Docket Entry No. 32) is **GRANTED**, and plaintiff's claims against the State of Texas are **DISMISSED WITH PREJUDICE**.

      C.      <u>Defendants Houston Metro Police Department, Chief of Police Tom Lambert</u>

Defendants Houston Metro Police Department Chief of Police Tom Lambert and/or the Houston Metro Police Department move to dismiss plaintiff's claims against them. (Docket Entry No. 6.)

Plaintiff alleges in his complaint that Houston Metro Police Department Chief of Police Tom Lambert is sued in his representative capacity for failure to train and/or supervise.  Accordingly, plaintiff's claim is one brought against the governmental entity itself, which is the Metropolitan Transit Authority of Harris County, Texas ("METRO"). *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).  Plaintiff's civil rights claim for failure to supervise and/or train requires him to allege a defect in training or supervising that was a moving force behind an alleged constitutional injury. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).  For purposes of Rule 12(b)(6), plaintiff fails to plead properly a section 1983 claim for failure to train and/or supervise. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Moreover, he has not contested defendants' motion to dismiss.

Defendants' motion to dismiss plaintiff's official capacity claims for failure to train and/or supervise is **GRANTED** and the claims are **DISMISSED WITH PREJUDICE**.

Defendants' motion to dismiss plaintiff's individual capacity section 1983 claims against Houston Metro Police Department Chief of Police Tom Lambert based on *respondeat superior* is **GRANTED**, and the claims are **DISMISSED WITH PREJUDICE**. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Defendants' motion to dismiss plaintiff's section 1983 claims for punitive damages against METRO is **GRANTED**, and plaintiff's request for punitive damages against METRO under section 1983 is **DISMISSED WITH PREJUDICE**. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

Accordingly, defendants' motion to dismiss (Docket Entry No. 6) is **GRANTED** in all respects.

### III.   DISMISSAL OF SECTION 2254 CLAIMS

In addition to asserting civil rights and related claims against the defendants for which he seeks monetary damages, plaintiff also challenges his criminal convictions and alleges that he is unlawfully "restrained of liberty" by his current conditions of parole. He asserts that, because he is "in custody" of the State by virtue of his release to parole, he is entitled to challenge his confinement in this complaint. These claims sound in habeas, not civil rights, and must be pursued in a separate habeas proceeding. Plaintiff may not pursue both civil rights and habeas claims in one lawsuit. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

5

Accordingly, plaintiff's challenges to his criminal convictions and conditions of parole are **DISMISSED WITHOUT PREJUDICE**.

### IV. DISMISSAL OF FEDERAL TORT CLAIMS

Plaintiff states in his complaint that one or more of his claims are brought pursuant to the Federal Tort Claims Act.

Congress enacted the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671, as a limited waiver of sovereign immunity of the United States. *Johnston v. United States*, 85 F.3d 217, 218 (5th Cir. 1996). Subject to certain specific exceptions, the FTCA gives federal district courts jurisdiction over claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the federal government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Sheridan v. United States*, 487 U.S. 392, 398 (1988); *Crider v. United States*, 885 F.2d 294, 296 (5th Cir. 1989); 28 U.S.C. § 1346(b).

Plaintiff raises no allegations against the United States or any federal agency in his complaint, nor would any potential FTCA claims appear plausible regarding the incident made the basis of this lawsuit. Accordingly, plaintiff's pleadings do not state a claim under the FTCA, and his purported FTCA claims are **DISMISSED WITHOUT PREJUDICE**.

## V.   CONCLUSION

The Court **ORDERS** as follows:

1.      Defendants' motions to dismiss (Docket Entries No. 6, 32, 33) are **GRANTED**.

2.      Harris County District Attorney Patricia Lykos is **DISMISSED** as a defendant.

3.      The State of Texas is **DISMISSED** as a defendant.

4.      Plaintiff's section 1983 claims against Chief of Police Tom Lambert for failure to train and/or supervise are **DISMISSED WITH PREJUDICE**.

5.      Plaintiff's section 1983 claims against Chief of Police Tom Lambert based on *respondeat superior* are **DISMISSED WITH PREJUDICE**.

6.      Plaintiff's claims for punitive damages under his section 1983 claims against METRO are **DISMISSED WITH PREJUDICE**.

7.      Plaintiff's challenges to his criminal convictions and current conditions of parole are **DISMISSED WITHOUT PREJUDICE**.

8.      Plaintiff's claims against the defendants brought under the Federal Tort Claims Act are **DISMISSED WITHOUT PREJUDICE**.

9.      The request for a more definite statement filed by Defendants Houston Metro Police Department Chief of Police Tom Lambert and/or the Houston Metro Police Department is **DENIED AS MOOT**.

**THIS IS AN INTERLOCUTORY ORDER.**

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the _11_ day of March, 2011.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

7